UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     vs. ) | Case No: 4:04CR20 HEA |
| ) | |
| THOMAS JACKSON ) | |
| ) | |
|     Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This case is before the Court on defendant's Motions for Compassionate Release, [Doc. No.'s 99 and 104], Motion for Reconsideration, [Doc. No. 106], and "Motion for Status" of motion for sentence reduction, [Doc. No. 111]. Although defendant's initial Motion for Compassionate release was filed *pro se*, counsel for defendant entered his appearance and has advised the Court that he will not file a supplemental memorandum in support of defendant's Motion on defendant's behalf, [Doc. No. 105]. For the reasons set forth below, the Motions for Compassionate Release are denied, the Motion for Consideration is denied, and the Motion for Status is denied as moot. The Clerk of Court will be directed to mail a copy of this case's docket sheet to defendant.

**Facts and Background**

On March 29, 2004 defendant pleaded guilty to one count of possession with the intent to distribute more than five grams of cocaine base, in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On June 18, 2004, defendant was sentenced to 216 months imprisonment and 4 years of supervised release. Defendant is presently serving his sentence at Forrest City FCI.

Defendant previously filed two motions for sentence reduction pursuant to the First Step Act. At that time, District Judge Ronnie L. White was presiding over this action. In his Order denying defendant's motions for sentence reduction dated May 29, 2019, Judge White noted that:

> The United States Probation Office filed a Report and agreed Defendant appears eligible for a sentence reduction pursuant to the First Step Act; however, the Probation Office noted Defendant has incurred 61 conduct violations while incarcerated, including for violent acts and as recently as April 2018. The Government also concedes Defendant's eligibility for relief but argues the Court should decline to reduce Defendant's sentence in light of his "staggering" number of conduct violations, many of which involve violent acts and suggest he continues to present a danger to public safety. Subsequently, the Federal Public Defender's Office filed a motion on Defendant's behalf detailing his struggle with drug addiction and difficulty adjusting to confinement. Nonetheless, he argues his personal progress warrant a sentence reduction pursuant to the First Step Act.

Subsequently, defendant filed two substantially similar motions for reconsideration. In denying defendant's motions for reconsideration, Judge White noted that although defendant was eligible for sentence reduction under the First Step Act, the court has discretion to consider the facts and procedural of each case and is not required to reduce an eligible defendant's sentence. Judge White also rejected defendant's argument that the motion filed by the Federal Public Defender's Office on defendant's behalf "state[d] nothing good on [defendant's] behalf," noting that the motion filed by the FPD's office "valiantly argued" for a reduction in

Defendant's sentence. Judge White reiterated that, "the Court found that Defendant's voluminous conduct violations while incarcerated demonstrated he still presents a risk to public safety, and in its discretion, denied his request for a sentence reduction." Finally, Judge White concluded that defendant offered no new facts to warrant relief under a motion for reconsideration.

## Defendant's Current Motions

Motions for Compassionate Release

Defendant's first Motion for Compassionate Release is based on the presence of the COVID-19 and alleged lack of mitigation practices at Forrest City FCI. Defendant alleges that non-infected inmates are carelessly mixed with infected inmates and that cells that formerly housed infected inmates are not cleaned before someone else is moved into that cell. Defendant also alleges that the correctional officers get better masks, hand cleaner, and have their temperatures taken every day. Defendant states that contractors are working on the roof of one housing unit, and that the dust that falls down to the inmates could be contaminated with COVID-19. Defendant alleges that workers in the chow hall were positive for COVID-19 and handling the inmates' food. Defendant further alleges that infected staff were only kept out of the facility for two weeks after a positive test, which defendant claims is not enough time to ensure that the staff are not still carrying the virus.

In defendant's second motion for compassionate release, filed November 13, 2020, defendant states that he has been sick with COVID-19 and is afraid he will contract it again. Defendant states that social distancing is not possible, that there is

no hand cleaning station in his unit, and that the inmates do not "get the mask[s] that are needed." Defendant also states that he has a job and home set up if he is released, and that he plans to go to school.

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."). Here, defendant has not properly exhausted his administrative remedies. There is nothing before the Court that establishes that defendant requested consideration for compassionate release inside the BOP and was denied.

In evaluating defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline §

1B1.13, which governs compassionate-release reductions, provides some specific examples, including:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Defendant's allegations regarding conditions at FCI Forrest City are unsupported, but even if taken as true, they do not constitute "extraordinary and compelling reasons" to support a sentence reduction under the First Step Act. "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020).

Moreover, the BOP has implemented modified operations in order to mitigate the spread of COVID-19. *BOP Modified Operations*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_status.jsp (updated November 25, 2020). Additionally, starting in December 2020, the BOP began administering doses of the COVID-19 vaccine to both inmates and staff. *See United States v. Edwards*, No. 15-CR-339, 2021 WL 243190, at *2 (N.D. Ohio Jan. 25, 2021). So far, 123 inmates at Forrest City FCI have been fully inoculated. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (click on hyperlink "Learn more about vaccinations and view individual facility stats +") (viewed February 22, 2021).

Not only has defendant not exhausted his administrative remedies are required under the statute, but also defendant has not met his burden of proving that "extraordinary and compelling reasons" exist to support the requested sentence reduction. His Motions for Compassionate Release will be denied.

Motion for Reconsideration

Defendant's *pro se* Motion for Reconsideration of Judge White's May 29,

7

2019 Order is his third such motion. The instant Motion for Reconsideration is merely a reiteration of his previous motions for reconsideration of the May 29, 2019 Order. The instant motion offers no new facts or changes in law that warrant granting defendant relief from Judge White's well-reasoned denial.

Additionally, defendant filed the Motion for Reconsideration on December 14, 2020, which is far outside the one year allotted for such motions under the Federal Rules of Civil Procedure 60(c). Defendants Motion for Reconsideration will be denied.

Motion for Status

Defendant filed a Motion requesting the status of his Motions for Compassionate Release and a copy of the docket sheet for this cause. The Clerk of Court will be directed to mail a copy of this case's docket sheet to defendant.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motions for Compassionate Release [Doc. No.'s 99 and 104], are DENIED.

**IT IS FURTHER ORDERED** that defendant's Motion for Reconsideration [Doc. No. 106], is DENIED.

The Clerk of Court is instructed to send a copy of the docket sheet in this action to defendant.

Dated this 23rd day of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE